BLUE, Chief Judge,
Specially concurring.
I concur in the decision because I agree that the evidence of guilt was overwhelming and, thus, the error was harmless. I also agree that the results of an inconclusive test would be irrelevant and thus inadmissible if not for the precedent from our supreme court. See Mills v. State, 476 So.2d 172 (Fla.1985).
I write because I would hold that it was error to admit the test results when the State failed to obtain this evidence until the last day of trial and Southerland’s defense preparation was prejudiced by the State’s action (or inaction, as the case may be). Clearly the results of the “inconclusive” test were prejudicial as evidenced by *157 the bolstering of the State’s case in final argument. I remain perplexed over why-prosecutors and trial judges would risk a mistrial or new trial because of questionable evidence when the remaining evidence was overwhelming as to the defendant’s guilt.